IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT MARLETT, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 3:18-cv-2812-M-BN | |
| § | | |
| LAURIE M. HEATH, ET AL., § | | |
| § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Robert Marlett, on his behalf and on behalf of two minor children, brings this *pro se* action against California officials, a child support agency in that state, and his ex-wife (who Marlett represents resides in Florida), seeking temporary and permanent injunctive relief, a declaratory judgment, and damages, including under 42 U.S.C. § 1983. This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b)(1) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny any motion for temporary restraining order or preliminary injunction and stay and administratively close this action under *Younger v. Harris*, 401 U.S. 37 (1971).

**Applicable Background**

In the Emergency Verified Complaint for Temporary and Permanent Injunctive Relief and Damages [Dkt. No. 3], Marlett explains that, until October 2011, he and his

now-ex-wife, Defendant Jessica White, resided in Navarro County, Texas, but she "took the children on a brief vacation to California and then refused to return." Dkt. No. 3 at 7. Marlett then filed for divorce in state court in Navarro County and sought conservatorship of the children. *See id.* at 7-8. He represents that, initially, White had custody of the children and that she was awarded child support. *See id.* at 8. But,

> [a]fter further proceedings in the [Navarro County state court] and an announcement by that Court that major Modifications would be granted which would grant sole conservatorship over the children to Plaintiff Marlett were met with threats to the lives of the children, an Emergency Temporary Restraining Order against Violence was sought and obtained from the Kern County[, California] Superior Court, which did not address or alter support obligations but allowed the children to be removed from the threat to their safety and returned to Texas, after which a formal Order of Modification was entered, and eventually a Permanent (3 year) Injunction for Protection against Domestic Violence was also entered by the [state court] in Texas.

*Id.* at 8; *see id.* at 9 ("At all times the 13th District Court in and for Navarro County Texas has had and maintained Exclusive Continuing Jurisdiction under the [Uniform Child Custody Jurisdiction Enforcement Act, or the UCCJEA,] over all matters pertinent to child custody and support, and the California Court exercised only Emergency Jurisdiction for the protection of endangered children who were then present within that jurisdiction. At least two proceedings filed in the California court seeking custody and support orders there have been dismissed by that Court for want of jurisdiction as that Court has steadfastly recognized the Texas Court's homestate jurisdiction.").

This action is based on Marlett's allegation that California officials have continued to insist, despite being advised otherwise and having verbally

> admitted knowledge of the Texas Attorney Generals child support divisions determination to the contrary that further support is owed by [him], and have utilized administrative procedures and intercepted income tax refunds and earned income, have sent extortionate threats demanding payment of the moneys not owed, and have falsely reported missed payments to credit reporting agencies despite 2 prior attempts at obtaining a judicial judgment against [him] for the sums in question having been dismissed.

*Id.* at 10; *see also id.* at 12 ("The District Court for the 13th Judicial Circuit of Texas in and for Navarro County Texas had, and has, exclusive and continuing homestate jurisdiction in all matters pertaining to child custody and support between Plaintiff Marlett and Defendant White. That jurisdiction is protected in federal law under the [UCCJEA], which, in the facts presented here, prohibits foreign state actors like the state actors here from usurping that Court's authority by altering or modifying the child support awarded by the Court.").

## Legal Standards and Analysis

In sum, Marlett requests that a federal court prevent California authorities from collecting child support obligations that Marlett claims violate an order entered by a Texas state court and award him damages based on those actions by California authorities that he further claims altered or modified "the child support awarded by the [Texas] Court."

First, the Court may not lack jurisdiction based on *Rooker-Feldman* – a narrow doctrine under which a federal district court lacks jurisdiction to consider "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court

-3-

review and rejection of those judgments," *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) – because, based on the verified allegations, it is clear neither that Marlett lost in state court nor that the state proceeding at issue has completed, *see, e.g., Gross v. Dannatt*, 736 F. App'x 493, 494 (5th Cir. 2018) (per curiam) ("[T]his court has limited the application of *Rooker-Feldman* to those cases in which 'a party suffered an adverse final judgment rendered by a state's court of last resort.'" (quoting *Ill. Cent. R. Co. v. Guy*, 682 F.3d 381, 390 (5th Cir. 2012); footnote omitted)); *cf. id.* at 495 (noting that the related domestic relations exception to federal diversity jurisdiction only applies where "claims for relief ... require the court to issue [ ] 'divorce, alimony, or child custody decrees'" and does not apply to, for example, "claims surrounding the breach of a prenuptial agreement" (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 701, 704 (1992))).

But, even if jurisdiction exists, "a federal court should abstain from interfering in an ongoing child support proceeding under *Younger[ v. Harris*, 401 U.S. 37 (1971)]." *Delaney v. Dist. of Columbia*, 659 F. Supp. 2d 185, 194 (D.D.C. 2009) (citing *Dixon v. Kuhn*, 257 F. App'x 553, 555 (3d Cir. 2007)).

Under *Younger*, a federal court generally should abstain from exercising its jurisdiction when to do so would result in the interference in certain, select state proceedings. That is, *Younger* abstention "applies only to 'three "exceptional" categories' of state proceedings: ongoing criminal prosecutions, certain civil enforcement proceedings akin to criminal prosecutions, and 'pending "civil proceedings involving certain orders ... uniquely in furtherance of the state courts' ability to

perform their judicial functions.""" *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588, 591 (2013) (quoting, in turn, *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989))).

And the *Younger* doctrine requires that federal courts decline to exercise jurisdiction when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); internal citations omitted); *accord Hood*, 822 F.3d at 222-23.

> As applied to child support proceedings,
>
> a party subject to a child support order is a party to an open case that does not terminate until the child support order is finally discharged. [*Dixon*, 257 F. App'x] at 555. States have an overriding interest in ordering and enforcing child support obligations. *Id.* And a party in a child support proceeding can raise any federal constitutional claims he may have. *Id. Accord Agustin v. County of Alameda*, 234 F. App'x 521, 522 (9th Cir. 2007) (under *Younger*, federal district court properly dismissed suit challenging a state court action to collect child support); *Tindall v. Wayne County Friend of Court*, 269 F.3d 533, 538-40 (6th Cir. 2001) (district court must abstain under *Younger* from granting declaratory or injunctive relief sought by the plaintiff who claimed that the state's procedures for collecting child support were unconstitutional).

*Delaney*, 659 F. Supp. 2d at 194.

Marlett makes clear that he is challenging the actions taken by California authorities because those actions violate – he claims – an order entered by the Texas

court that has jurisdiction over his divorce and child custody proceeding. As such, the undersigned agrees with another federal district court in Texas's conclusion that, because "[the plaintiff's] claims involve family and child custody issues, both of which are important state interests, and [because] Texas law provides a sufficient avenue for [the plaintiff] to present [his] claims" – by, for example, seeking relief in the state court in Navarro County – "this Court is compelled by *Younger* to abstain from hearing [he plaintiff's] lawsuit." *Paprock v. Brown*, No. A-15-CV-1073-LY, 2015 WL 12734166, at *2 (W.D. Tex. Dec. 7, 2015); *accord Stewart v. Nevarez*, No. 4:17-cv-501-O-BP, 2017 WL 9473085, at *6 (N.D. Tex. Nov. 8, 2017), *rec. accepted*, 2018 WL 507153 (N.D. Tex. Jan. 23, 2018).

Further, to the extent that Marlett moves for either a temporary restraining order or a preliminary injunction, to establish his right to either, he must first "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

But a federal action requesting an "injunction, whether preliminary or permanent, [that] falls squarely within the *Younger* abstention doctrine" has no "likelihood of success on the merits." *Chae Mun v. Spector*, No. C13-0486RSL, 2013 WL

1748444, at *1 (W.D. Wash. Apr. 23, 2013).

## Recommendation

The Court should deny any motion for temporary restraining order or preliminary injunction and stay and administratively close this action under *Younger v. Harris*, 401 U.S. 37 (1971).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 23, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE